11-4059-cv
*Sunham Home Fashions, LLC v. Diamond State Ins. Co., Lumbermens Mutual Casualty Co.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of February, two thousand twenty.

PRESENT:  JOSÉ A. CABRANES,
              ROBERT D. SACK,
              RAYMOND J. LOHIER, JR.,
                      *Circuit Judges.*

---

SUNHAM HOME FASHIONS, LLC,
A NEW YORK LIMITED LIABILITY COMPANY,

        *Plaintiff-Counter Defendant-Appellant,*        11-4059-cv

        v.

DIAMOND STATE INSURANCE COMPANY,
A DELAWARE CORPORATION,

        *Defendant-Counter Claimant-Third-Party Plaintiff-Appellee,*

LUMBERMENS MUTUAL CASUALTY COMPANY,
AKA LUMBERMENS MUTUAL GROUP,
AKA KEMPER CASUALTY INSURANCE COMPANY,

        *Third-Party Defendant-Counter Claimant-Counter Defendant-Appellee.*

---

**FOR PLAINTIFF-COUNTER DEFENDANT-
APPELLANT:**                          DAVID A. GAUNTLETT, James A. Lowe,
                                          Gauntlett & Associates, Irvine, CA.

1

FOR DEFENDANT-COUNTER CLAIMANT-
THIRD-PARTY PLAINTIFF-APPELLE:

STEVEN VERVENIOTIS, Miranda
Sambursky Slone Sklarin Verveniotis,
LLP, Mineola, NY.

FOR THIRD-PARTY DEFENDANT-
COUNTER CLAIMANT-
COUNTER DEFENDANT-APPELLEE:

JOSEPH DEDONATO, Mark Hill,
Morgan Melhuish Abrutyn, Attorneys
at Law, New York, NY.

Appeal from an August 31, 2011 judgment of the United States District Court for the Southern District of New York (Denise Cote, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Counter Defendant-Appellant Sunham Home Fashions, LLC ("Sunham") challenges the District Court's ruling granting partial summary judgment to Defendant-Counter Claimant-Third-Party Plaintiff-Appellee Diamond State Insurance Company ("Diamond State") as to its liability, as an umbrella insurer, for Sunham's legal costs in earlier legal proceedings; and its ruling granting summary judgment to Third-Party Defendant-Counter Claimant-Counter Defendant-Appellee Lumbermens Mutual Casualty Company ("LMC") as to its liability, as Sunham's primary insurer, for the same costs. Sunham also appeals the District Court's denial of its motion for partial summary judgment against Diamond State. [1]

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

*I: Standing*

We turn first to the issue of appellate standing raised by Sunham's appeal of the grant of summary judgment for LMC. "We must address any jurisdictional standing question first, before deciding a case on the merits." *Rothstein v. Am. Int'l Group, Inc.*, 837 F.3d 195, 202 (2d Cir. 2016) (internal quotation marks omitted). We conclude, despite LMC's claims that Sunham lacks standing

---

[1] The appeal was stayed in 2012 on the motion of LMC after an injunction in an Illinois court placed it in rehabilitation and liquidation proceedings. The stay was lifted in 2019 on the motion of Sunham after this Court concluded that LMC would not be irreparably harmed if the case proceeded.

because it was not a party to the underlying judgment, that Sunham has standing to appeal the judgment in favor of LMC.

As a general matter, "[f]ederal appellate jurisdiction is limited by the appellant's personal stake in the appeal." *Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 336 (1980). Sunham clearly has a personal stake in the judgment for LMC, since—if we were to differ with the District Court as to its grant of summary judgment for LMC—that might affect Sunham's ability to seek reimbursement from LMC. The District Court's decision as to LMC was thus sufficiently adverse to Sunham, so that an appeal of that decision is properly before us.

*II: Merits*

For substantially the reasons stated by the District Court, we hold that partial summary judgment was correctly denied for Sunham and correctly granted for Diamond State, and that summary judgment was correctly granted for LMC.

## CONCLUSION

We have reviewed all of the arguments raised by Sunham on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk